IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:17-cr-00391-HZ-1 |
| Plaintiff, | ORDER |
| v. | |
| MIKAYLA BREWINGTON, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Mikayla Brewington moves the Court to reduce her sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i).[1] The Government opposes Defendant's motion. Because Defendant has demonstrated extraordinary and compelling reasons for her release and a

---

[1] The Government concedes that Defendant has satisfied the exhaustion requirement of the statute. *See* 18 U.S.C. § 3582(c)(1)(A).

1 – OPINION & ORDER

reduction in her sentence would not undermine the sentencing factors under § 3553(a), the Court grants Defendant's motion.

A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. *United States v. Aruda*, --- F.3d ----, 2021 WL 1307884, at *2 (9th Cir. Apr. 8, 2021). However, with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical condition, and "family circumstances." U.S.S.G. § 1B1.13 app. n.1(A)-(C). The Sentencing Commission's policy statement, however, only applies to § 3582(c)(1)(A) motions filed by the BOP Director on behalf of a defendant. *Aruda*, --- F.3d. ----, 2021 WL 1307884, at *4. On a defendant's direct

motion for compassionate release, the policy factors "may inform a district court's discretion . . ., but they are not binding." *Id.* (citation omitted). As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

Defendant has demonstrated extraordinary and compelling reasons for her release, and a reduction in Defendant's sentence would not undermine the sentencing factors as outlined in § 3553(a). Defendant contracted COVID-19 while in custody and may be developing complications from her illness. *See* Def. Exs. A, B. Defendant has just over one year remaining of her initial 54-month sentence. Programming that was contemplated by the Court at sentencing and that would have further reduced her sentence—such as RDAP—has been unavailable to Defendant due to the pandemic. *See* J. & Commitment at 2 (recommending that Defendant be considered for the RDAP program), ECF 58. Though Defendant has an extensive criminal history, it largely consists of non-violent crimes. She also excelled during pretrial release, regaining custody of her son, undergoing substance abuse treatment, and securing stable housing and employment. Accordingly, the Court finds that compassionate release is warranted, and Defendant's sentence is reduced to time served.

///
///
///
///
///
///
///
///

3 – OPINION & ORDER

...

## CONCLUSION

The Court GRANTS Defendant's Motion to Reduce Sentence Pursuant to U.S.C. § 3582(c)(1)(A)(i) [65]. Defendant's sentence is reduced to time served effective 10 days from the entry of the amended judgment, if the BOP has determined that Defendant is COVID-19 negative. If the BOP cannot make this determination by that date, the Government shall notify the Court without delay. Defendant's special conditions of supervision will further be modified to include placement in a residential reentry center for a period of 90 days followed by a period of home detention for 90 days with location monitoring. All other terms and conditions remain in effect.

IT IS SO ORDERED.

DATED: _April 26, 2021_ .

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge